

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

JMM/PL AGR
2024R00172

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

June 18, 2025

**VIA EMAIL**
Rahul Agarwal, Esq.
Friedman Kaplan Seiler Adelman & Robbins LLP
1 Gateway Center
Newark, NJ 07102-5311
ragarwal@fklaw.com

    Re: <u>Plea Agreement with Dennis McKenzie, Jr.</u>   25-560 SRC

Dear Counsel:

  This letter sets forth the plea agreement between your client, Dennis McKenzie, Jr. ("MCKENZIE"), and the United States Attorney for the District of New Jersey ("this Office"). **This offer will expire on June 30, 2025, if it is not accepted in writing by that date.** If MCKENZIE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from MCKENZIE to a two-count Information, which charges MCKENZIE with, on or about January 31, 2024: (1) in Count One, possession of a machinegun, in violation of Title 18, United States Code, Section 922(o)(1) and (2) in Count Two, possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). If MCKENZIE enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against MCKENZIE based on his unlawful possession of a firearm and ammunition on or about January 31, 2024.

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against MCKENZIE even if the applicable

statute of limitations period for those charges expires after MCKENZIE signs this agreement, and MCKENZIE agrees not to assert that any such charges are time-barred.

Sentencing

The violation of Title 18, United States Code, Section 922(o)(1) to which MCKENZIE agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of Title 18, United States Code, Section 922(g)(1) to which MCKENZIE agrees to plead guilty in Count Two of the Information carries a maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence MCKENZIE is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MCKENZIE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence MCKENZIE ultimately will receive.

Further, in addition to imposing any other penalty on MCKENZIE, the sentencing judge as part of the sentence:

(1) will order MCKENZIE to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461;

(3) pursuant to 18 U.S.C. § 3583, may require MCKENZIE to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any term of imprisonment

imposed. Should MCKENZIE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MCKENZIE may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of MCKENZIE's acceptance of responsibility and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), MCKENZIE agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized on or about January 31, 2024 (collectively, the "Specific Property"):

1. one Glock 19x 9mm handgun, bearing serial number BKCG499;
2. one extended magazine containing 31 rounds of ammunition; and
3. one auto sear selector switch.

MCKENZIE acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in commission of the offenses charged in Counts One and Two of the Information.

MCKENZIE waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), MCKENZIE consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. MCKENZIE understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise MCKENZIE of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. MCKENZIE further understands that MCKENZIE has no right to demand that any forfeiture of MCKENZIE's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. MCKENZIE waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

MCKENZIE also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. MCKENZIE agrees that MCKENZIE will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or

assist anyone else in doing so. To the extent MCKENZIE has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. MCKENZIE further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

MCKENZIE further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of MCKENZIE's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on MCKENZIE by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MCKENZIE's activities and relevant conduct with respect to this case.

### Stipulations

This Office and MCKENZIE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and MCKENZIE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

MCKENZIE understands that, if MCKENZIE is not a citizen of the United States, MCKENZIE's guilty plea to the charged offenses will likely result in MCKENZIE being subject to immigration proceedings and removed from the United States by making MCKENZIE deportable, excludable, or inadmissible, or ending MCKENZIE's naturalization. MCKENZIE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. MCKENZIE wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause MCKENZIE's removal from the United States. MCKENZIE understands that MCKENZIE is bound by this guilty plea regardless of any immigration consequences. Accordingly, MCKENZIE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. MCKENZIE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MCKENZIE. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude MCKENZIE from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between MCKENZIE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: John M. Maloy
Assistant U.S. Attorney

APPROVED:

Elaine K. Lou
Deputy Chief, Criminal Division

I have received this letter from my attorney, Rahul Agarwal, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 7/16/25
Dennis McKenzie, Jr.

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 7/16/25
Rahul Agarwal, Esq.
Counsel for Defendant

Plea Agreement With Dennis McKenzie, Jr.

Schedule A

1.  This Office and Dennis McKenzie, Jr. ("MCKENZIE") stipulate to the following facts:

> a. On or about January 31, 2024, MCKENZIE knowingly possessed:
>
>> i. one Glock 19x 9mm handgun, bearing serial number BKCG499 (the "Firearm");
>>
>> ii. one extended magazine containing 31 rounds of ammunition (the "Ammunition"); and
>>
>> iii. one auto sear selector switch (the "Machinegun").
>
> b. The Firearm and Ammunition were manufactured outside the State of New Jersey and thus necessarily traveled in interstate or foreign commerce prior to January 31, 2024.
>
> c. On or about January 3, 2020, MCKENZIE was convicted in Union County Superior Court in New Jersey, of unlawful possession of a weapon in violation of N.J.S.A. 2C:39-5(b)(1). MCKENZIE was sentenced to three years' imprisonment for that offense. MCKENZIE therefore knew that on or about January 31, 2024, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

2.  The parties agree that a term of imprisonment within the range of 24 to 30 months (the "Stipulated Range") is reasonable taking into account all of the factors set forth in 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek any sentence outside the Stipulated Range.

3.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

4.  If the District Court imposes a term of imprisonment within the Stipulated Range:

> a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

  b. MCKENZIE will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence

c. These waiver provisions, however, do not apply to:

  i. Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for MCKENZIE's offense of conviction;

  ii. Any proceeding to revoke the term of supervised release;

  iii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

  iv. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

  5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.